## ACKERS v. STATE.

### Opinion delivered December 10, 1904.

1. HOMICIDE—INSTRUCTION.—Where, in a prosecution for murder, there was evidence that deceased was defendant's child; that she stole apples, and sought to lay this misconduct on others; that the father sought to correct her by whipping her with a piece of board; that he whipped her more severely than he intended, and used more force than he should have used, and killed her; that the killing was done in the prosecution of a lawful act, without due caution and circumspection, and without malice or intent to kill, it was error to refuse to instruct that if "the defendant killed the deceased in the commission of an unlawful act, without malice and without means calculated to produce death, or in the prosecution of a lawful act done without due caution or circumspection, it would only be manslaughter." (Page 263.)

2. SAME—EVIDENCE OF FORMER CRIMES.—In a prosecution for murder of a child, evidence that witnesses had heard that defendant had previously killed another child, and had inflicted cruel and unusual punishment upon his children, was inadmissible. (Page 263.)

Appeal from Lonoke Circuit Court.

GEORGE M. CHAPLINE, Judge.

Reversed.

*Thos. C. Trimble, Sr., Joe T. Robinson* and *Thomas C. Trimble, Jr.,* for appellant.

*George W. Murphy,* for appellee.

BATTLE, J.   Wes Ackers was indicted for murder in the first degree, committed by unlawfully, willfully, feloniously, of malice aforethought, and with premeditation, and after deliberation killing Irene Ackers. He was convicted of murder in the second degree, and his punishment was assessed at twenty-one years in the penitentiary, and he appealed to this court.

In his trial before a jury evidence was adduced tending to prove that Irene Ackers was his child; that she stole apples, and sought to lay this misconduct on others; that the father

sought to correct her by whipping her with a piece of board; and that he whipped her more severely than he intended, and used more force than he should, and killed her; that the killing was done in the prosecution of a lawful act, done without due caution and circumspection, malice or intent to kill. Evidence was adduced, over the objections of the defendant, tending to prove that witnesses had heard that the defendant had previously killed another child, and had inflicted cruel and unusual punishment upon his children.

The defendant asked and the court refused to give the following instruction: "2. If the jury believes from the evidence that the defendant killed the deceased in the commission of an unlawful act, without malice and without means calculated to produce death, or in the prosecution of a lawful act done without due caution or circumspection, it would only be manslaughter, and you should so find." The instruction should have been given. The defendant had the right to punish his child for stealing apples. The statutes of this State provide: "If the killing be in the commission of an unlawful act, without malice, and without the means calculated to produce death, or in the prosecution of a lawful act, done without due caution and circumspection, it shall be manslaughter." Sand. & H. Dig. § 1657.

The court erred in admitting the evidence tending to prove that witnesses heard of the killing of one child and the cruel punishment of others.

Reversed and remanded for a new trial.